

**CT Corporation**
Service of Process Notification
06/10/2022
CT Log Number 541730752

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | KIM LUNDY- EMAIL<br>Walmart Inc.<br>GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200<br>BENTONVILLE, AR 72712-3148 |
| **RE:** | Process Served in Texas |
| **FOR:** | Wal-Mart Stores Texas, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: HOLLAND TIFFANY // To: Wal-Mart Stores Texas, LLC |
| **DOCUMENT(S) SERVED:** | Citation, Return, Petition, Certificate(s) |
| **COURT/AGENCY:** | 133rd Judicial District Court of Harris County, TX<br>Case # 202233381 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 12/27/2021 - 2700 S. Kirkwood Road, Houston, Texas |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/10/2022 at 02:58 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service |
| **ATTORNEY(S)/SENDER(S):** | Ramji Arshad<br>Ramji Law Group<br>9816 Katy Freeway<br>Houston, TX 77055<br>713-888-8888 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/11/2022, Expected Purge Date: 06/21/2022<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

EXHIBIT A

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT



**CT Corporation**
**Service of Process Notification**
06/10/2022
CT Log Number 541730752

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Jun 10, 2022
**Server Name:** Heather Bork

| Entity Served | WAL-MART STORES TEXAS, LLC |
|---|---|
| Case Number | 202233381 |
| Jurisdiction | TX |

| Inserts |
|---|
|  |



```
                                              Receipt Number: 968232
                                              Tracking Number: 74014463
EML
COPY OF PLEADING PROVIDED BY PLT
```

CAUSE NUMBER: 202233381

| | |
|---|---|
| PLAINTIFF: HOLLAND, TIFFANY | In the 133rd Judicial |
| vs. | District Court of |
| DEFENDANT: WAL-MART STORES TEXAS LLC | Harris County, Texas |

## CITATION

THE STATE OF TEXAS
County of Harris

TO: WAL-MART STORES TEXAS LLC MAY BE SERVED THROUGH ITS REGISTERED AGENT
CT CORPORATION SYSTEM
1999 BRYAN STREET STE 900
DALLAS TX 75201-3136
OR WHEREVER IT MAY BE FOUND

   Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.
This instrument was filed on June 6, 2022, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

   ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this June 8, 2022.



Marilyn Burgess
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: CECILIA THAYER

Issued at request of:
Arshad, Ramji
9186 KATY FREEWAY
HOUSTON, TX  77055
713-888-8888
Bar Number: 24045209

Tracking Number: 74014463
EML

CAUSE NUMBER: 202233381

| | |
|---|---|
| PLAINTIFF: HOLLAND, TIFFANY | In the 133rd |
| vs. | Judicial District Court |
| DEFENDANT: WAL-MART STORES TEXAS LLC | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____. M., on the _____ day of _____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock _____. M., on the _____ day of _____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the _____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE: $ _____

_____ of _____

County, Texas
_____               By: _____
        Affiant                                        Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of _____, 20 _____

_____
Notary Public

6/4/2022 11:44 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65131872
By: Cecilia Thayer
Filed: 6/6/2022 12:00 AM

CAUSE NO._____

| | | |
|---|---|---|
| TIFFANY HOLLAND<br>*Plaintiff,* | §<br>§<br>§ | IN THE COURT OF |
| v. | §<br>§ | _____ JUDICIAL DISTRICT |
| | § | |
| WAL-MART STORES TEXAS, LLC<br>*Defendant.* | §<br>§ | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, TIFFANY HOLLAND to file this original petition against Defendant, WAL-MART STORES TEXAS, LLC, and alleges as follows:

### DISCOVERY-CONTROL PLAN

1. Plaintiff intend to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

### CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $1,000,000.00.

### PARTIES

3. Plaintiff, TIFFANY HOLLAND, is a resident of Harris County and is authorized to file suit in this county.

4. Defendant, WAL-MART STORES TEXAS, LLC, is a Foreign Limited Liability Company (LLC) doing business in Texas. It may be served through its registered agent, CT Corporation System at 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136 or wherever it may be found.

****ISSUANCE OF CITATION IS REQUESTED AT THIS TIME****

## VENUE

5. Venue is mandatory in Harris County, Texas because all or substantially part of the events or omissions giving rise to the accident occurred in Harris County, Texas. See Tex. Civ. Prac. & Rem. Code §15.002(a)(1). This Court has jurisdiction over this suit and over the Defendant because: (a) the incident and/or occurrence giving rise to this action, and the conduct, acts, and/or omission of each Defendant alleged herein, all occurred in the state of Texas; and (b) Defendant was doing business in the State of Texas.

6. Alternatively, Harris County is the most convenient forum because almost all of the witnesses of the accident are located in Harris County.

## MISNOMER

7. Plaintiff specifically invokes the right to institute this suit against whatever person(s), entity and/or entities which or who were conducting business and/or representing they were conducting business using other names, aliases or common names and Plaintiff expressly invokes his rights under Rules 28 and 71 of the Texas Rules of Civil Procedure to have the true name of the entity, person(s) and/or party substituted at a later time upon the motion of the any party or of the Court and/or in the interest of justice.

## FACTS

8. On or about December 27, 2021, Plaintiff Tiffany Holland was shopping at Defendant's Wal-Mart store located at 2700 S. Kirkwood Road, Houston, Texas ("Store"). While shopping at this Store Plaintiff slipped and fell on an unidentified liquid substance located on the walking and working surface of the detergent aisle located within the Store, a true and accurate depiction of which is shown below:



9.     As a result of her fall, Plaintiff suffered significant bodily injuries for which she sought and continues to seek medical treatment.

## **PREMISES LIABILITY**

10.    At all times mentioned herein, Defendant, at all times material herein was and is the owner, possessor, manager, maintainer and otherwise in possession of the 2700 S. Kirkwood Road, Houston, Texas ("Store"), including any defect on the premise and was so on December 27, 2021, before, and during these times Defendant had the requisite right of control, by way of actual, legal and/or retained control, over the premises including the unidentified liquid substance located on the walking and working surface of the detergent aisle ("Defect") that resulted in Plaintiff's injury.

3

11. Alternatively, Plaintiff's presence at the Store and engagement with the unidentified liquid substance located on the walking and working surface of the detergent aisle was in furtherance of the mutual benefit and business of Defendant.

12. The unidentified liquid substance located on the walking and working surface of the detergent aisle located within the Store posed is an unreasonable risk of harm, which constituted a hazardous condition of which Defendant was aware and should have been aware. Alternatively, Plaintiff alleges that Defendant's control of the premises amounts to concurrent negligence.

13. Paragraphs 8, 9, 10, and 11 are incorporated herein, Defendant had a duty to use ordinary care to ensure that the Store, including the Defect on the premise which caused Plaintiff to fall and be severely injured, did not present a danger to Plaintiff. This duty included the duty to inspect, and the duty to warn or to cure the dangerous condition or make such safe, which the Defendant failed to do.

14. Defendant failed to use ordinary care by:

   1.) Failing to clean the Defect off the walking and working surface to prevent Plaintiff's fall;

   2.) By allowing the Defect to develop;

   3.) By allowing the walking and working surface to not be properly maintained in adequate condition so that it did not develop the dangerous Defect that posed an injury threat to Plaintiff;

   4.) Defendant failed to inspect the walking and working surface and/or to ensure that its agents, representative and contractors kept the walking and working surface safe;

4

5.) Defendant failed to warn invitees and specifically Plaintiff of the Defect, alternatively, any such purported attempt to warn, if any, by Defendant was inadequate as the nature of and reason(s) the danger wasn't conveyed;

6.) Defendant negligently maintained the walking and working surface that developed the Defect, thereby resulting in Plaintiff being injured;

7.) Defendant failed to warn Plaintiff of the condition of the walking and working surface and the Defect;

8.) Defendant did not barricade or put up signs to warn any residents and/or invitees of the Defect; alternatively, any such effort by Defendant to remove the danger and/or to "warn" was inadequate;

9.) Defendant failed to have and to implement written procedures for operation and interaction with any defect on the premise, so as to warn its invitees or to eliminate/remove any risk from such a condition; alternatively, negligently hired, supervised, and retained its employees and contractors who may have been responsible for maintaining the walking surface.

15. Defendant's acts, omissions and negligence constituted a failure to act as a reasonably prudent person under the same or similar circumstances and such negligence proximately caused Plaintiff's injuries and damages.

## NEGLIGENT UNDERTAKING

16. Further, Defendant's undertook, gratuitously or for consideration, to render services to Plaintiff, which Defendant should have recognized as necessary for the protection of Plaintiff's person or things, under the Restatement (Second) of Torts §323.

17. Defendant failed to exercise reasonable care to perform this undertaking, by not properly maintaining its premises, regularly inspecting its premises and creating and enforcing policies to regularly inspect and maintain the premises, particularly the defective ground which severely injured Plaintiff, thus increasing Plaintiff's risk of harm. Restatement (Second) of Tort §323.

18. Further Plaintiff relied upon Defendant's undertaking in a manner that exercised reasonable care, failure of which, resulted in Plaintiff suffering physical harm, under the Restatement (Second) of Torts §323. See *Colonial Sav. Assoc. v. Taylor*, 544 S.W.2d 116, 119 (Tex. 1976).

## GROSS NEGLIGENCE

19. Alternatively, the acts and/or omissions by Defendant outlined in this Petition constitutes gross negligence as that term is define in §41.001(11) TEXAS CIVIL PRACTICE & REMEDIES CODE. Each of these acts and/or omissions, whether taken singularly or in any combination, constitutes gross negligence which proximately caused the incident and/or occurrence, injuries, and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

20. Alternatively, paragraphs 8-19 are incorporated herein for reference. Given the nature and extent that Defendant allowed the premise to be defective and to remain in an unreasonably dangerous condition vis-à-vis its invitees, within the store and accessible to invitees, and with knowledge of the foreseeable and likely injury to invitees, workers, employees or guests, Defendant's negligence amounted to recklessness and indifference to the rights and safety of the Plaintiff and the public. Defendant's acts or omissions are therefore not only negligence but grossly negligent as that term is defined in §41.001(11) of the TEXAS CIVIL PRACTICE & REMEDIES CODE and by Texas common law. When viewed objectively from the standpoint of the Defendant, its conduct involves an extreme degree of risk, considering the probability and magnitude of potential harm to

others, including the Plaintiff. Furthermore, Defendant was actually and subjectively aware of the risk to the other involved given the long period of time they were aware of the dangerous risk posed by the defective ground but proceeded with conscious indifference for the rights, safety and welfare of others. Defendant's conduct is objectively wrong and involves a high degree of culpable conduct. Such gross negligence was an actual and a proximate cause of the incident and the resulting injuries and damages suffered by Plaintiff.

## DAMAGES

21. Defendant proximately caused injury to Plaintiff which resulted in the following damages:

   a. Physical pain and suffering, from December 27, 2021, to the future;

   b. Mental anguish, from December 27, 2021, to the future;

   c. Diminished capacity to enjoy life and society, from December 27, 2021, to the future;

   d. Physical impairment, from December 27, 2021, to the future;

   e. Diminished capacity to enjoy life and society, from December 27, 2021, to the future;

   f. Loss of earning capacity, from December 27, 2021, to the future;

   g. Lost wages from December 27, 2021, to the future; and

   h. Reasonable and necessary medical expenses, from December 27, 2021, to the future.

## REQUIRED DISCLOSURE

22. Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or

material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully pray that the Defendant be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the court, together with pre-judgment interest at the maximum rate allowed by law post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**RAMJI LAW GROUP**

Chelsea Murfree
Texas Bar No. 24107873
Adam Ramji
Texas Bar No. 24045209
9816 Katy Freeway
Houston, Texas 77055
Telephone: (713) 888-8888
Facsimile: (866) 672-3372
E-service only: service@ramjilaw.com

**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Chelsea Murfree
Bar No. 24107873
cmurfree@calltheram.com
Envelope ID: 65131872
Status as of 6/6/2022 8:54 AM CST

Associated Case Party: TIFFANY HOLLAND

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| CHELSEA MURFREE | | service@ramjilaw.com | 6/4/2022 11:44:21 AM | SENT |